IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kimberly R. Givens, | ) | C/A No. 0:12-2309-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Marcel H. Vigeant, David W. Ballard, and Fort Mill School District-York 4, | ) | |
| Defendants. | ) | |

The plaintiff, Kimberly R. Givens ("Givens"), who is self-represented, filed this employment discrimination action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motions to dismiss. (ECF Nos. 26 & 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Givens of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motions. (ECF Nos. 27 & 35.) Givens responded in opposition to the individual defendants' motion to dismiss (ECF No. 33), to which the individual defendants replied (ECF No. 38) and Givens filed a sur-reply (ECF No. 48). Givens did not respond to the motion to dismiss filed by Fort Mill School District-York 4 ("School District").

**BACKGROUND**

Liberally construed, Givens's Complaint appears to allege that while she was employed as a bus driver with the School District, Givens was discriminated against based on her race, African-American, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. and was assigned work that conflicted with an existing medical disorder in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12112, et seq. Specifically, Givens contends

that in April 2010, she was told that bus drivers were no longer allowed to use office facilities and that two weeks later she noticed that three white bus drivers were using them regularly.  She further alleges that the defendants were notified of the alleged discrimination and did not take any action in response.  Thereafter, Givens alleges that she was assigned an extra route which caused her discomfort because of a pre-existing medical condition known to the defendants, that Ballard harassed and intimidated her until she was terminated, and that she was denied access to the grievance system.  Finally, Givens alleges that black bus drivers were treated unfairly and received unequal route distributions.  (Compl., ECF No. 1 at 4.)

## DISCUSSION

**A.     Motion to Dismiss Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines.  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Johnson v. United States</u>, 534 F.3d 958, 962 (8th Cir. 2008) (quoting <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981)).



A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

In applying these standards, the court observes that it is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se*

complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Individual Defendants**

The individual defendants correctly assert that any Title VII or ADA claims against them fail as a matter of law. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that there is no individual liability under Title VII); Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999) (holding that individual supervisors are not subject to liability under the ADA); see also Jones v. Sternheimer, 387 F. App'x 366 (4th Cir. 2010) (holding that Title VII, the ADA, and the ADEA do not provide for causes of action against individuals). Therefore, the individual defendants should be dismissed from this action.

**C.     Defendant School District**

Before filing suit under Title VII or the ADA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); 42 U.S.C. § 12117(a); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before



the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)).  The failure to file a timely charge with the EEOC bars the claim in federal court.  See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

Furthermore, exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court.  See, e.g., Jones, 551 F.3d at 300 (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a).

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted.  Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007).  The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint.  King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith, 202 F.3d at 247 ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").  Only those claims



stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation.
> First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning.
> Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted). Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge." Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994) (Title VII). When a discrimination claim "exceed[s] the scope of the EEOC charge and any charge that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (Title VII).



"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012). The United States Court of Appeals for the Fourth Circuit has recently discussed the parameters for when different unlawful employment practices are considered "reasonably related" to those raised in an administrative charge. For example, "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,'" the charges are reasonably related and may be advanced in a subsequent civil suit. Id. (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir.1981)). Similarly, courts have permitted a claim raised in litigation that was not specifically described in the administrative charge to go forward "where both the EEOC charge and the [federal] complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." Id. (citing Smith, 202 F.3d at 248). On the other hand, when the claim raised in the district court litigation involves a different *form* of unlawful employment practice than the one described in the administrative charge, courts have found the claim not to be administratively exhausted. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (finding that claims of age, sex, and race discrimination were not exhausted where a charge alleged only retaliation); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (finding that claims of sex and color discrimination were not exhausted where a charge alleged only racial discrimination); Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that claims of sexual harassment and retaliation were not exhausted where a charge alleged only gender discrimination).

A comparison of the administrative charge and the Complaint reveals three bases that warrant granting the School District's motion to dismiss at this time. The School District seeks dismissal of Givens's Complaint, first arguing that two of Givens's allegations occurred more than 300 days before she filed her charge of discrimination. On September 6, 2011, Givens filed a charge with the South Carolina Human Affairs Commission ("SHAC"), the deferral agency in South Carolina for the federal Equal Employment Opportunity Commission ("EEOC"). Therefore, any claim based on an alleged unlawful employment practice that occurred prior to November 10, 2010 would be untimely. Based on the facts alleged in Givens's Complaint, her allegations concerning use of the office facilities and the assignment of an extra bus route occurred before November 10, 2010 and are time barred.

The School District next argues that Givens's remaining allegations in her Complaint are outside the scope of her charge of discrimination. The court agrees. Givens's SHAC charge alleged that she was discrimination based on race and disability on July 8, 2011, which was her termination date. Within the charge, Givens stated that she was denied the assignment of a route which would accommodate her medical condition. Givens also claimed that white employees were treated better by the defendants. Givens further claimed that the stated reason for her termination (poor performance) was pretextual. Upon review of the allegations in the Complaint, the court finds that Givens's allegations in her Complaint regarding harassment and retaliation are outside the scope of this charge. See Govan v. Caterpillar, Inc., 899 F. Supp. 2d 445, 456-57 (D.S.C. 2012) (holding that a plaintiff's claim of harassment or hostile work environment was barred where the plaintiff failed to include any of those allegations in her charge and where the charge included her lay-off date as both the earliest and latest date of the occurrence of the discrimination); Riley, 872 F. Supp. at 1459-60; see also McMillan v. S.C. Dep't of Corr., 16 F. Supp. 2d 635, 646 (D.S.C. 1997) (holding that



where a charging party could have raised allegations of retaliation at the time she filed her charge, exhaustion of administrative remedies with respect to that charge is required).

Finally, the court observes that although Givens's termination was included in her SHAC charge allegation, Givens's Complaint does not include any allegations concerning her termination. Simply put, she does not raise in this lawsuit what appears to be the main subject of her administrative charge. In response to the individual defendants' motion to dismiss, Givens appears to raise allegations regarding her termination. However, Givens has not sought or obtained leave to amend her Complaint under Rule 15(a) to include these additional factual averments; therefore, any claim relating to her termination is not properly before the court.

## RECOMMENDATION

For the foregoing reasons, Givens's claims against Defendants Vigeant and Ballard should be dismissed and these defendants should be terminated as parties to this action. Further, Givens's claims against the School District are either time barred or not within the scope of her administrative charge and should be dismissed. Accordingly, the court recommends that the School District's motion should be granted unless Givens seeks and obtains leave to amend her complaint to assert a plausible termination claim against the School District within the time permitted for filing objections to the Report and Recommendation.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 10, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).