IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kimberly R. Givens ) | C/A No. 0:12-2309-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Marcel H. Vigeant, David W. Ballard, ) | |
| and Fort Mill School District York 4, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## BACKGROUND

Through this action, Plaintiff Kimberly R. Givens, ("Givens"), seeks relief relating to her former employment with Fort Mill School District York 4 ("School District"). Givens alleges that the School District and two individual Defendants, Marcel H. Vigeant and David W. Ballard ("Individual Defendants"), discriminated against her based on her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and assigned her work which conflicted with an existing medical disorder in violation of the the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1211201, *et seq.*[1]

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., and which was filed on June 11, 2013. Dkt. No. 65. The Report recommends that the court grant the Individual Defendants' motion to dismiss because neither Title VII nor the ADA authorize imposition of individual liability. It also recommends that the court grant

---

[1] *See* Dkt. No. 65 at 1 (Report and Recommendation, liberally construing Givens' complaint to assert such claims); Dkt. No. 70 (Givens' response to the Report and Recommendation, which does not challenge this characterization of her current complaint, but seeks leave to amend).

the School District's motion because the claims, as presently asserted, are either time barred or not within the scope of Givens' administrative charge. The Magistrate Judge, nonetheless, recommended dismissal of the School District only if Givens did not "seek[] and obtain[] leave to amend her complaint to assert a plausible termination claim against the School District within the time permitted for filing objections to the Report and Recommendation." Dkt. No. 65 at 9.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Givens filed a response to the Report on June 27, 2013, which the court construes either as an objection or a motion to amend her complaint. *See* Dkt. No. 70 (quoted below). No other party has filed an objection and the deadline for doing so has passed.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**GIVENS' RESPONSE**

Givens captions her response: "Plaintiff's response to Defendants Marcel H. Vigeant and David W. Ballard's Report and Recommendation." Dkt. No. 70. The content of that document reads, in full, as follows:

INTRODUCTION

Defendants Marcel H. Vigeant, David W. Ballard and Fort Mill School District 4. Filed a reply to Plaintiff Kimberly R. Givens, PRO SE litigant ("Plaintiff") Response to Defendant's Report and Recommendation on June 24, 2013. Kimberly R. Givens, PRO SE litigant ("Plaintiff") submit this Reply.

STATEMENT OF FACTS

Court is being advised that Plaintiff wishes to continue with this case. The Plaintiff wishes to obtain leave to amend her complaint to assert a Plausible termination claim against the Fort Mill School District York 4.

CONCLUSION

For the foregoing reasons, Plaintiff's objection to Defendants Marcel H. Vigeant, David W. Ballard and Fort Mill School District York 4 should be upheld.

Dkt. No. 70 at 1-2.[2]

**DISCUSSION**

The above-quoted document might, alternatively, be construed as an objection to the Report or a motion to amend Givens' complaint. The first construction is not supported by the content, which fails to suggest any error in the Report. Even if the document could be construed as an objection, it would not support rejection of the Report given the lack of specific objection and absence of any clear error in the Report. The court, therefore, adopts the Report to the extent it recommends dismissal of Givens' present complaint in full but without prejudice.

---

[2] Givens appears to misunderstand the source of the Report, which is authored by the Magistrate Judge, not Defendants. She also appears to assume that Defendants filed a response to the Report. No such document has been filed with the court.

The construction of Givens' response as a motion to amend is supported by the statements that Givens "wishes to continue with this case" and "to obtain leave to amend her complaint to assert a [p]lausible termination claim." The motion to amend is, however, defective because it fails to attach a proposed amended complaint. This deficiency is exacerbated by Givens' failure to suggest any specific allegations which she might assert in an amended complaint (other than that they would be directed to her termination). The court, therefore, construes the document as a motion to amend but denies that motion.

The court will, nonetheless, grant Givens an extension of time until July 24, 2013, to file a proper motion to amend. That motion shall attach the proposed amended complaint which must include allegations sufficient to state a plausible claim against the School District, taking into consideration the deficiencies noted in the Report. Givens' attention is drawn, in particular, to the last two pages of the Report which summarize the deficiencies in Givens' original complaint.

If Givens fails to file a motion to amend with attached amended complaint by the deadline specified above, the matter will be dismissed without prejudice. If she files such a motion, the matter will again be referred to the Magistrate Judge for further pretrial proceedings including a review of the complaint to determine whether it cures the deficiencies noted in the Report.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 9, 2013